# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SAILESH SINGH,
               Appellant,

v.

DEPARTMENT OF DEFENSE,
               Agency.

DOCKET NUMBER
SF-0752-15-0774-I-1

DATE: April 15, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mark Vinson</u>, Esquire, Washington, D.C., for the appellant.

<u>Nancy C. Rusch</u>, Esquire, Stockton, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The agency removed the appellant from the GS-6 position of Transportation Assistant based on the charge of making comments of a threatening nature. Initial Appeal File (IAF), Tab 5, Subtabs 4C, 4J. The agency based its action on an email that the appellant sent to the facility manager while he was on leave and awaiting a decision on his request for a transfer to a different supervisor. In the email, the appellant stated "if i [sic] experience any form of stress, intimidation, hostile, or abusive behavior towards me by [my supervisor], i [sic] may perceive it as a THREAT and i [sic] may be obligated to DEFEND myself with FORCE. I'm just giving you both a fair warning, this is not what i [sic] want." *Id*., Subtab 4J (emphasis in original). In proposing the removal penalty, the agency relied on the appellant's prior disciplinary record, a reprimand for absence without leave (AWOL). *Id*.

¶3      The appellant appealed the agency's action, alleging that the action was retaliation for his filing an equal employment opportunity complaint and discrimination on the basis of disability stemming from the fact that, prior to sending the email, he had been on leave for 3 months under the Family and Medical Leave Act of 1993 (FMLA). IAF, Tab 1. During proceedings before the administrative judge, the appellant also raised the affirmative defense of harmful procedural error, alleging that the agency's failure to conduct an investigation or

threat assessment before taking an adverse action was a violation of agency policy. IAF, Tab 11.

¶4 Based on the record developed by the parties, including the testimony at the hearing, the administrative judge found that the agency proved its charge and that the appellant failed to prove his affirmative defenses. IAF, Tab 17, Initial Decision (ID) at 3-17. She also found that removal was a reasonable penalty for the sustained charge and that it promoted the efficiency of the service. ID at 17−19.

¶5 In his petition for review,[2] the appellant alleges that the administrative judge erred in disallowing two of his requested witnesses. He also contends that the administrative judge erred in finding that the appellant's statement constituted a threat because it was conditional. He contends further that the administrative judge erred in finding that the appellant did not prove his affirmative defense of disability discrimination. Finally, the appellant asserts that the administrative judge erred in finding that the penalty was reasonable. He alleges that the deciding official did not consider the appellant's rehabilitative potential, the mitigating circumstances that the appellant was under the influence of psychiatric drugs and that he had remorse for his actions.

¶6 An administrative judge has wide discretion to control the proceedings before her, including the authority to exclude testimony she believes would be irrelevant, immaterial, or unduly repetitious. *Guerrero v. Department of Veterans*

---

[2] Attached to the appellant's petition for review are documents showing that in prior years he had been employed by a different Federal agency and that while employed at the Department of Defense, he twice had been employee of the quarter. Petition for Review File, Tab 1, Exhibits 1−2. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has made no such showing. In any event, we find that the evidence submitted by the appellant on petition for review is not of sufficient weight to warrant an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

*Affairs*, [105 M.S.P.R. 617](#), ¶ 20 (2007); *Miller v. Department of Defense*, [85 M.S.P.R. 310](#), ¶ 8 (2000). The Board has found that, to "obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed." *Jezouit v. Office of Personnel Management*, [97 M.S.P.R. 48](#), ¶ 12 (2004), *aff'd*, 121 F. App'x 865 (Fed. Cir. 2005).

¶7       The administrative judge denied the witnesses that the appellant identifies in his petition for review, T.A. and F.L., because their proposed testimony regarding alleged disparate treatment of the appellant vis‑à‑vis comparators did not involve employees who had engaged in the same misconduct, i.e., making a threat. IAF, Tab 13. In his petition for review, the appellant claims that these witnesses had information regarding how he was treated by his second-level supervisor. PFR File, Tab 1. In his prehearing submissions, however, the appellant indicated that their proposed testimony related to the penalty. IAF, Tab 11. The administrative judge properly ruled on whether to allow the appellant's witnesses on the basis of his prehearing submission. *See Banks v. Department of the Air Force*, [4 M.S.P.R. 268](#), 271 (1980) (finding that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). The appellant has failed to show that the administrative judge disallowed any relevant testimony based on the appellant's representation of these witnesses' testimony. Accordingly, the appellant has not shown that the administrative judge abused his discretion in excluding witnesses.

¶8       In determining whether a charge of making threats or engaging in threatening behavior can be sustained, the Board will apply the reasonable person standard, considering the speaker's intent, the conditional nature of his statements, the listeners' reactions, their apprehension of harm, and the attendant

circumstances. *See Metz v. Department of the Treasury*, [780 F.2d 1001](#), 1004 (Fed. Cir. 1986). Here, we agree with the administrative judge that the most significant criteria are the listeners' reactions and apprehension of harm and the attendant circumstances. ID at 4. The employee who received the appellant's email testified that its wording caused her great concern. *Id.* She testified further that she did not consider the appellant's statements to be conditional, but saw them as him verbalizing a threat against his supervisor if he came back to work for her, and others who read the email perceived it in the same way. *Id.* Another employee who received the email immediately contacted the agency's legal office about it, and the agency issued an order to bar the appellant from entering the agency's premises. *Id.* When the appellant's supervisor read the email she testified that she was not feeling well, remembered that the appellant had earlier stated to others that he disliked the supervisor, and that he was not going to listen to her. ID at 5. She testified, moreover, that, after she read the email, she took a different route home and went to the police to obtain a restraining order. *Id.* The administrative judge found the appellant's supervisor testified credibly. *Id.*

¶9         In contrast, the administrative judge found the appellant's testimony inaccurate, unworthy of belief, and on the whole not credible. ID at 8-9. The administrative judge found not credible the appellant's testimony that he did not recall writing the email and did not understand why he used the words he chose or why he capitalized specific words, such as "threat," "defend," and "force." ID at 10. Also, the administrative judge found that there is no medical evidence to support the appellant's assertion that his threatening comments were the result of any medical condition or medication. *Id.* The administrative judge found that there is no evidence that the medications that the appellant was taking would cause him to say the words or use the phrasing in his email. *Id.* On petition for review, the appellant merely disagrees with the administrative judge's findings. However, the record reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions

on the issue of credibility.  *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105–06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).  Thus, we will not disturb the administrative judge's finding that the agency proved its charge.

¶10    Regarding the appellant's assertion that he proved his affirmative defense of disability discrimination, a mixed-motive analysis applies to claims of disparate treatment based on disability.  *Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶¶ 18–22 (2013).  Under a mixed-motive analysis, an employee is entitled to some relief if he proves that his disability was "a motivating factor" in the decision, "even though other factors also motivated the practice."  *Id.*, ¶ 23 (citing 42 U.S.C. §§ 2000e–2(m), 2000e–5(g)(1)).  An agency may limit the extent of the remedy if it demonstrates that it "would have taken the same action in the absence of the impermissible motivating factor."  *Id.*, ¶¶ 23–25 (citing 42 U.S.C. § 2000e–5(g)(2)(B)).

¶11    The appellant asserts that he proved that his disability, a diagnosis of anger issues for which he was granted leave under the FMLA, was a motivating factor in the decision to remove him.  In support of his assertion he relies on a statement by the deciding official in a Memorandum for Human Resources and a statement by the proposing official, who was also the official considering his request for reassignment.  In the Memorandum, the deciding official stated "[the appellant's] medical information submitted prior to the threat indicated anger issues, problems getting along with others. . . . I believe that when [the appellant] became concerned that his transfer request for a different supervisor might not be granted, his primarily diagnosed anger issues resulted in the threat of violence toward [his supervisor]."  IAF, Tab 4, Subtab 4D.  In an email, the proposing official stated "[the appellant has] been out of work since 13 Apr on FMLA and is due back on

8 June. . . . I really feel he is someone who would easily commit workplace violence." *Id.*, Subtab 4M.

¶12    The administrative judge did not specifically address these statements in her discussion of whether the appellant met his burden to prove disability discrimination.    However, she found that both the proposing and deciding officials credibly testified that the basis for the agency action concerned the appellant's email threat and was not due to any disability.    The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  Deferring to the administrative judge's credibility finding, we find, notwithstanding the statements made by the proposing and decision officials that the appellant identifies, that the appellant failed to show that his disability was a motivating factor in the decision to remove him, and thus failed to meet his burden to prove disability discrimination.  *See Southerland*, 119 M.S.P.R. 566, ¶ 31.

¶13    Finally, we find that the appellant's assertion that the penalty was unreasonable is unavailing.  When the Board sustains an agency's charges, it will defer to the agency's penalty determination unless the penalty exceeds the range of allowable punishment specified by statute or regulation, or unless the penalty is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion."  *Saiz v. Department of the Navy*, 122 M.S.P.R. 521, ¶ 5 (2015).  That is because the employing agency, and not the Board, has primary discretion in maintaining employee discipline and efficiency.  *Id.*; *Balouris v. U.S. Postal Service*, 107 M.S.P.R. 574, ¶ 6 (2008), *aff'd*, No. 2008-3147, 2009 WL 405827 (Fed. Cir. 2009).  The Board will not displace management's responsibility, but instead will ensure that managerial judgment has been properly exercised.  *Id*.  Mitigation of an agency‑imposed penalty is appropriate only where the agency failed to weigh the relevant factors or where the agency's

judgment clearly exceeded the limits of reasonableness. *Id.* The deciding official need not show that he considered all the mitigating factors, and the Board will independently weigh the relevant factors only if the deciding official failed to demonstrate that he considered any specific, relevant mitigating factors before deciding on a penalty. *Id.*

¶14    In the removal decision, the deciding official stated that he considered the relevant factors of *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981), to be the nature and seriousness of the offense, the appellant's past discipline, his past work record and length of service, the consistency of the penalty and consistency with the table of offenses, and the use of alternative sanctions.    IAF, Tab 4, Subtab 4C.    He indicated that he considered the appellant's threatening email very serious and considered that the appellant was recently reprimanded for AWOL. *Id.* The deciding official also considered the mitigating factors of the appellant's 16 years of Federal service and his fully successful performance rating. *Id.* He further considered that removal was within the range of penalties in the agency's table of penalties and that he believed that alternative sanctions would not serve to correct the appellant's misconduct. *Id.* The deciding official stated that he did not consider any of the *Douglas* factors not listed in the decision. *Id.*

¶15    The appellant  asserts that the deciding official did not specifically consider the appellant's rehabilitative potential, the mitigating circumstances that he was under the influence of psychiatric drugs, and that he had remorse for his actions. However, the deciding official testified that he did not agree with the appellant's representation that his medication caused him to write the email containing the threatening comments. Further, in finding that the agency proved its charge, the administrative judge found that there was no medical evidence provided that the appellant's threatening comments in his email were the result of any medical condition or medication, thus making unpersuasive the appellant's assertion that the influence of psychiatric drugs is a mitigating circumstance. ID at 10. As to

the appellant's unsupported assertion that he has rehabilitative potential and remorse for his actions, these factors are outweighed by the seriousness of his misconduct.  We thus conclude that the administrative judge properly found that the removal penalty was within the bounds of reasonableness for the sustained misconduct.  *See Douglas*, 5 M.S.P.R. at 306.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the United States Code, section 7702(b)(1)  (5 U.S.C. § 7702(b)(1)).   If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.